FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

05 APR 22  PM 2:40

U.S. DISTRICT COURT
WESTERN DISTRICT OF NY

TERRY LEE HINES,

           Plaintiff,

      -v-

LEGAL AID BUREAU OF BUFFALO, INC.,

         Defendant.

DECISION AND ORDER
05-CV-0238E(Sr)

## INTRODUCTION

Plaintiff Terry Lee Hines has filed this *pro se* action against the Legal Aid Bureau of Buffalo, Inc. alleging that one of Legal Aid's attorneys who had been representing him in what appears to be some type of foreclosure proceeding in the City Court of Buffalo, New York failed to file a memorandum and order with City Court and some other document with City Hall and that, as a result, the foreclosure proceeding was decided adversely to him and his property was sold by the City of Buffalo.

Plaintiff provides no basis to invoke the subject matter jurisdiction of this Court and simply alleges in paragraph 2.C. of the Non-Prisoner Civil Complaint Form utilized by him that the "Nature of Suit" is a "civil rights housing claim." (Docket No. 1). Plaintiff has also requested permission to proceed *in forma pauperis*. (Docket No. 2). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed.

## **DISCUSSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Moreover, a court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction over the claims raised in the complaint. *See, e.g,, FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990) (courts have an independent obligation to examine the basis of their jurisdiction); *Manway Constr. Co., Inc. v. Housing Auth. of City of Hartford,* 711 F.2d 501, 503 (2d Cir.1983) (noting that courts must dismiss cases sua sponte for lack of subject matter jurisdiction).

Here, plaintiff's complaint alleges nothing more than a straightforward state law attorney malpractice claim against Legal Aid. There is no basis set forth in the complaint to establish subject matter jurisdiction. Plaintiff does not allege that there is diversity of citizenship jurisdiction, 28 U.S.C. § 1332, or federal question (arising under) jurisdiction, 28 U.S.C. § 1331.[1] A failure to plead facts which brings the claims raised in the complaint within the court's subject matter jurisdiction warrants dismissal of the complaint. *See* Fed.R.Civ.P. 8(a)(1) and 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999). Accordingly, the complaint must be dismissed.

---

[1]The proper forum for plaintiff's claim of attorney malpractice would appear to be New York State Supreme Court, Erie County.

2

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:   April  Z Z , 2005
Rochester, New York

3